PREET BHARARA
United States Attorney for
the Southern District of New York
By: MICHAEL D. LOCKARD
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2193

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                          :

UNITED STATES OF AMERICA        :

        -v.-            :

$22,173.00 IN UNITED STATES
CURRENCY, and           :   09 Civ.

$52,800.00 IN UNITED STATES    :
CURRENCY,
        Defendants-in-rem.  :
- - - - - - - - - - - - - - - - - - x

VERIFIED COMPLAINT

Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

## I. JURISDICTION AND VENUE

1.    This action is brought by the United States of America pursuant to Title 21 United States Code, Section 881(a)(6) seeking the forfeiture of $22,173.00 in United States currency (the "Defendant Currency-1") and $52,800 in United States currency (the "Defendant Currency-2") (collectively the "Defendants-in-rem Currency").

2.    This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355. Venue is proper

under Title 28, United States Code, Sections 1355(b)(1)(A) and
(B) and 1395(b) because the actions giving rise to forfeiture
took place in the Southern District of New York and the
Defendants-in-rem Currency was found and seized in the Southern
District of New York.

      3.    The Defendants-in-rem Currency is presently in the
custody of the United States Customs and Border Protection.

II. <u>PROBABLE CAUSE FOR FORFEITURE</u>

      4.    On or about January 17, 2007, the Supreme Court of
the State of New York, County of New York issued a search warrant
("Search Warrant-1") for 2949 Eighth Avenue, Apt. 13L, New York,
New York (the "Target Premises") and the person of Henry Dunn
("DUNN"), if present therein.  Search Warrant-1 stated, in part,
that there was reason to believe that certain evidence may be
found at the Target Premises and on DUNN of illegal drug dealing,
including but not limited to:

> a.    [c]ocaine; vials, caps, small ziplock-
> style bags, and other evidence of the
> possession and distribution of cocaine
> including but not limited to paraphernalia
> used to process and distribute the drug,
> including but not limited to dilutants and
> scales, records and documents reflecting drug
> transactions in any format including but not
> limited to stored electronic communications,
> data, information and images contained in
> computer disks, CD ROM's and hard drives;
>
> b.    currency and other evidence of proceeds
> from drug trafficking, including but not
> limited to financial records in any format
> including, but not limited to, ledgers,

2

notebooks and other papers recording such information, stored electronic communications, data, information and images contained in computer disks, CD ROM's and hard drives, tending to demonstrate cash transactions or financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services;

c.    electronic communication equipment including, but not limited to cellular telephones, paging devices, and stored information, data, and images contained on or in said communication equipment including but not limited to stored names and numbers and previously opened and stored recorded messages; and

d.    evidence of ownership and use of the target premises, or the use of property located therein, by Henry Dunn, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of Henry Dunn, telephone-books, address books, date books, calendars, personal papers, and videotapes and photographs of or belonging to Henry Dunn.

5.    On or about January 25, 2007, the NYPD executed the Search Warrant-1 of the Target Premises.  After NYPD officers arrived at the Target Premises and while attempting to gain entry to the Target Premises, officers observed a package thrown out of the Target Premises window into the courtyard.  Upon entering the Target Premises, officers found DUNN near the window.

6.    During the execution of the Search Warrant-1, NYPD

officers recovered, among other things, the package that was thrown out of the Target Premises window.  The package contained approximately ½ ounce of cocaine.  Officers also recovered numerous clear plastic baggies of the type used to package narcotics; Defendant Currency-1, from a bedroom closet and packaged in small denominations consistent with drug packaging; and a safe deposit box key from inside DUNN's pants pocket belonging to a safe deposit box at Apple Bank.

       7.    On or about January 25, 2007, the Supreme Court of the State of New York, County of New York issued a search warrant ("Search Warrant-2") for the Safe Deposit Box No. 00447 located at the Apple Bank Branch No. 11, located at 1555 First Avenue, New York, New York (the "Target Box").  The Search Warrant-2 stated, in part, that there was reason to believe that certain evidence may be found at the Target Box of illegal drug dealing, including but not limited to:

        a.    [c]ocaine, and crack/cocaine, vials, caps, small ziplock-style bags, and other evidence of the possession and distribution of cocaine, and crack/cocaine including but not limited to paraphernalia used to process and distribute the drug including but not limited to dilutants and scales, records and documents reflecting drug transactions in any format including but not limited to stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives;

        b.    currency and other evidence of proceeds from drug trafficking, including but not limited to financial records in any format

4

including but not limited to stored
electronic communications, data, information
and images contained in computer disks, CD
ROMs and hard drives, tending to demonstrate
cash transactions or financial transfers
derived from the possession of cash currency,
money orders, bank receipts, stocks, bonds,
bills and receipts for goods and services,
documents relating to real estate holdings,
and any title or registration to motor
vehicles, other financial receipts, and
records; and

c.    evidence of ownership and use of the
target box, or the use of property located
therein, by HENRY DUNN, a/k/a PEE-WEE,
including but not limited to keys, telephone
bills, utility bills, bank statements,
leases, deeds, other documents bearing the
name HENRY DUNN or PEE-WEE, identification
bearing the name or photograph of Henry Dunn,
a/k/a Pee-Wee, telephone books, address
books, date books, calendars, personal
papers, and videotapes and photographs of or
belonging to Henry Dunn.

8.    On or about January 27, 2007, the NYPD executed
the Search Warrant-2 of the Target Box.  NYPD officers recovered
Defendant Currency-2 from the Target Box.

9.    DUNN was arrested and charged with Criminal
Possession of a Controlled Substance in the 1st Degree, although
he was acquitted of that charge.

10.    A review of DUNN's criminal history revealed two
previous arrests for Possession of a Controlled Substance with
Intent to Sell and for Possession of Marijuana.

11.    The Defendants-in-rem Currency is believed to be
the proceeds of narcotic transactions.

5

III.  CLAIMS FOR FORFEITURE

12.    Incorporated herein are the allegations contained in paragraphs one through eleven of the Complaint.

13.    Pursuant to Title 21, United States Code, Section 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

14.    The Defendants-in-rem Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

15.    By reason of the above, the Defendants-in-rem Currency became, and is, subject to forfeiture to the United States of America, pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants-

in-rem Currency and that all persons having an interest in the
Defendants-in-rem Currency be cited to appear and show cause why
the forfeiture should not be decreed, and that this Court decree
forfeiture of the Defendants-in-rem Currency to the United States
of America for disposition according to law, and that this Court
grant plaintiff such further relief as this Court may deem just
and proper, together with the costs and disbursements of this
action.

Dated: New York, New York
       August 20 , 2009

                              PREET BHARARA
                              United States Attorney for
                              the Southern District of New York
                              Attorney for the Plaintiff
                              United States of America


                    By:  _____
                              MICHAEL D. LOCKARD
                              Assistant United States Attorney
                              One St. Andrew's Plaza
                              New York, New York 10007
                              Telephone: (212) 637-2193

<u>VERIFICATION</u>

STATE OF NEW YORK                         )
COUNTY OF NEW YORK                      :
SOUTHERN DISTRICT OF NEW YORK    )


Jose Alomar, being duly sworn, deposes and says that he is a

Detective with the New York City Police Department, and as such

has responsibility for the within action; that he has read the

foregoing complaint and knows the contents thereof, and that the

same is true to the best of his own knowledge, information and

belief.

The sources of deponent's information and the ground of his

belief are conversations with other law enforcement officers and

others, official records and files of the New York City Police

Department, the State of New York, and the United States

Government and information obtained directly by deponent during

an investigation of alleged violations of Title 21, United States

Code.

                                        _____
                                        JOSE ALOMAR
                                        Detective
                                        New York City Police Department

Sworn to before me this
19th day of August, 2009


_____
NOTARY PUBLIC

MICHAEL D. MAH...
Notary Public, State of New ...
No. 01MA6080084
Qualified in New York County
Commission Expires ...

May 10, 2011