**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
                  :

**UNITED STATES OF AMERICA**    :

           :

        **Plaintiff,**    :

           :

   **- against -**    :

           :

**$22,173.00 IN UNITED STATES**    :
**CURRENCY, and**    :
**$52,800.00 IN UNITED STATES**    :
**CURRENCY,**    :
        **Defendants-in-rem.**    :

           :
-----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/10

## OPINION AND ORDER

**09 Civ. 7386 (SAS)**

## I.   INTRODUCTION

The United States brings this action pursuant to section 881(a)(6) of Title 21 of the United States Code seeking forfeiture of two sums of currency – $22,173 and $55,800 – that were seized from Henry Dunn's apartment and safe-deposit box by New York City Police Department officers ("NYPD"). Dunn's surviving spouse, Erica Simpson-Dunn, and his Estate (collectively, "Claimants") have filed a motion to dismiss the Government's civil forfeiture complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). For reasons to be discussed, Claimants' motion is denied.

## II.    BACKGROUND

This civil forfeiture actions arises from a New York state narcotics prosecution.  On or about January 25, 2007, NYPD officers, pursuant to a search warrant, sought entry to an Eighth Avenue apartment (the "Target Premises").[1] The search warrant stated, *inter alia*, that there was "reason to believe" that "'evidence of the possession and distribution of cocaine'" may be found at the Target Premises and on the person of Henry Dunn.[2]  "After NYPD officers arrived at the Target Premises and while attempting to gain entry to the Target Premises, officers observed a package thrown out of the Target Premises window into the courtyard.  Upon entering the Target Premises, officers found [Dunn] near the window."[3]  That package was found to contain "approximately ½ ounce of cocaine."[4]

Inside the premises, the NYPD officers recovered "numerous clear plastic baggies of the type used to package narcotics," $22,173 "from a bedroom closet and packaged in small denominations consistent with drug packaging," and a

---

[1]    *See* Verified Complaint ("Compl.") ¶¶ 4-5.

[2]    *Id.* ¶ 4 (quoting 1/17/07 Search Warrant).

[3]    *Id.* ¶ 5.

[4]    *Id.* ¶ 6.

key to a safe-deposit box in Dunn's pocket.[5]  Upon obtaining a search warrant for the safe-deposit box,[6] NYPD officers recovered another $52,800.[7]

A review of Dunn's criminal history revealed two previous arrests for possession of a controlled substance with intent to sell and one previous arrest for possession of marijuana.[8]  Dunn was arrested and charged with Criminal possession of a controlled substance in the First Degree for possession of the half ounce of cocaine, but acquitted after a jury trial in New York state court.[9]  Both sums of currency – the $22,173 and the $52,800 – have been turned over to the United States and are presently in the custody of the United States Customs and Border Protection agency.[10]  The United States brought this action in federal court seeking forfeiture of the $74,973 on the basis of its belief that the currency is the proceeds of narcotics transactions.[11]

## III.   APPLICABLE LAW

---

[5]     *Id.* ¶¶ 1, 6.

[6]     *See id.* ¶ 7.

[7]     *See id.* ¶¶ 1, 8.

[8]     *See id.* ¶ 10.

[9]     *See id.* ¶ 9.

[10]    *See id.* ¶ 3.

[11]    *See id.* ¶ 11.

## A. Legal Standard

Pleading requirements in a civil forfeiture action are governed by the Supplemental Rules.[12]  Supplemental Rule E(2)(a) requires that the Government set forth its claims in the complaint "with such particularity that the defendant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  Supplemental Rule Rule G(2)(f) requires that the Government "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Accordingly, the Government's complaint must "assert specific facts supporting an inference that the property is subject to forfeiture."[13]

However, the Government is not required to allege in the complaint all of the facts and evidence at its disposal.  It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture,

---

[12]    *See* Fed. R. Civ. P. Supp. R. A(1)(B).

[13]    *United States v. All Funds on Deposit in Dime Savings Bank of Williamsburg Account No. 584007381 in the Name of Ishar Abdi and Barbar Abdi ("Dime Savings")*, 255 F. Supp. 2d 56, 66-67 (E.D.N.Y. 2003) (quotation marks omitted). *Accord United States v. Approximately $25,829,681.80 in Funds, plus Interest, in Court Registry Investment Sys.*, No. 98 Civ. 2682, 1999 WL 1080370, at *7 (S.D.N.Y. Nov. 30, 1999) (citing *United States v. All Right, Title & Interest in Real Property & Appurtenances Known as 288-290 N. St., Middletown, New York*, 743 F. Supp. 1068, 1074 (S.D.N.Y. 1990); *United States v. All Right, Title & Interest in Real Property & a Bldg. Known as 16 Clinton St., New York, New York*, 730 F. Supp. 1265, 1267 (S.D.N.Y. 1990)).

to file a responsive pleading, and to undertake an adequate investigation.[14]  The
issue is one of pleading, not proof at trial.  And it is for this reason that "[n]o
complaint may be dismissed on the ground that the Government did not have
adequate evidence at the time the complaint was filed to establish the forfeitability
of the property."[15]

      The Federal Rules of Civil Procedure apply to Civil Forfeiture actions
so long as they are not "inconsistent with" the Supplemental Rules.[16]  The pleading
requirements provided by the Supplemental Rules have traditionally been
considered "more stringent than the general pleading requirements . . . [,] an
implicit accommodation to the drastic nature of the civil forfeiture remedy."[17]
However, the Supreme Court's recent landmark decisions in *Bell Atlantic*

---

[14]    *See Dime Savings*, 255 F. Supp. 2d at 69.  *Accord United States v.*
*$109,086.00*, No. Civ.A. H-04-3727, 2005 WL 1923613, at *5 (S.D. Tex. Aug. 10,
2005) (holding that the Government need not set out the evidence of its allegations
in its complaint or plead every fact at its disposal).

[15]    18 U.S.C. § 983(a)(3)(D).

[16]    Fed. R. Civ. P. Supp. R. A(2).  *Accord United States v. $8,221,877.16*
*in U.S. Currency*, 330 F.3d 141, 149 (3d Cir. 2003).  *See also* Fed. R. Civ. P. Supp.
R. G Advisory Committee Note ("The Civil Rules continue to provide the
procedural framework within which Rule G and the other Supplemental Rules
operate.").

[17]    *United States v. $15,270,885.69*, No. 99 Civ. 10255, 2000 WL
1234593, at *2-3 (S.D.N.Y. Aug. 31, 2000) (quoting *United States v. Daccarett*, 6
F.3d 37, 47 (2d Cir. 1993)).

*Corporation v. Twombly*[18] and *Ashcroft v. Iqbal*[19] have arguably shifted pleading

standards to a "more heightened form of pleading,"[20] requiring that allegations in a

complaint meet a standard of "plausibility" to survive a motion to dismiss.[21]

Because those cases were based on an interpretation of Federal Rule of Civil

Procedure 8(a),[22] and the Supplemental Rules expressly state that Supplemental

Rule G(2) governs the sufficiency of civil forfeiture complaints,[23] these decisions

do not require any alteration to the pleading standards applied to civil forfeiture

actions.[24]   However, to the extent these decisions and their progeny do not conflict

with the Supplemental Rules, they may help to clarify when a civil forfeiture

complaint survives the motion to dismiss phase.[25]

---

[18]   550 U.S. 544 (2007).

[19]   — U.S. —, 129 S. Ct. 1937, 1955 (2009).

[20]   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[21]   *Twombly*, 550 U.S. at 564.

[22]   *See Iqbal*, 129 S. Ct. at 1953.

[23]   *See* Fed. R. Civ. P. Supp. R. G(8)(b)(ii).

[24]   *See United States v. Real Prop. and Premises*, 657 F. Supp. 2d 1060, 1065-66 (D. Minn. 2009).

[25]   In fact, some of the language used by the Supreme Court to describe the plausibility standard appears to bridge the gap between Rule 8(a) and Supplemental Rule G(2)(f). In *Iqbal*, the Supreme Court stated the plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court

-6-

## B. Substantive Law

Pursuant to section 881(a)(6) of Title 21 of the United States Code,

money that is "furnished by any person in exchange for a controlled substance,"

"traceable to such an exchange," or "used or intended to be used to facilitate a

violation of this subchapter" is subject to forfeiture to the United States. Under the

Civil Action Forfeiture Act of 2000 ("CAFRA"), "if the Government's theory of

forfeiture is that the property was used to commit or facilitate the commission of a

criminal offense, or was involved in the commission of a criminal offense, the

Government shall establish that there was a substantial connection between the

property and the offense."[26] Thus, if the Government is seeking forfeiture,

pursuant to 21 U.S.C. § 881(a)(6), on a theory that property constitutes proceeds

traceable to an exchange for narcotics, it must demonstrate that those proceeds

have a substantial connection to drug trafficking.[27] However, it "need not prove

---

to draw the reasonable inference that the defendant is liable for the misconduct
alleged." 129 S. Ct. at 1949 (citation omitted). This is substantially similar to the
standard set by Rule G(2)(f) – which requires the Government to "state
sufficiently detailed facts to support a reasonable belief that the government will be
able to meet its burden of proof at trial."

[26]    18 U.S.C. § 983(c)(3).

[27]    *See United States v. United States Currency in the Sum of One
Hundred Eighty-Five Thousand Dollars*, 455 F. Supp. 2d 145, 153 (E.D.N.Y.
2006).

that there is a substantial connection between the property and any specific drug

transaction. Instead, the Government may prove more generally, based on a

totality of the circumstances, that the property is substantially connected to

narcotics trafficking."[28] This statutory provision overruled prior Second Circuit

decisions which required only that there be a "nexus,"[29] and not a "substantial

connection," between the drug activities and property in question.[30]

CAFRA also significantly altered the burden of proof applicable to

civil forfeiture actions.[31] Prior to CAFRA, "the initial burden in judicial forfeiture

proceedings was placed on the government to establish probable cause for

forfeiture; once this burden was met, however, the ultimate burden of proof lay

---

[28]    *Id.*

[29]    *See United States v. All Right, Title and Interest in Real Property and Appurtenances Thereto Known as 785 St. Nicholas Ave. and 789 St. Nicolas Ave.*, 983 F.2d 396, 403 (2d Cir. 1993) ("There need not be a substantial connection between the drug activities and the property in question, but only a nexus between them.").

[30]    *See United States v. Parcel of Property*, 337 F.3d 225, 233 (2d Cir. 2003) (noting that CAFRA adopted the substantial connection test that the Second Circuit had rejected).

[31]    18 U.S.C. § 983(c)(1) ("[T]he burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.").

-8-

with the claimant."[32]  "Under CAFRA, it is the Government's burden to show, by a preponderance of the evidence (and not probable cause), that forfeiture applies."[33]

## IV.   DISCUSSION

### A.   Sufficiency of the Complaint

Claimants argue that the Complaint fails to "'state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden'" to show, by a preponderance of the evidence, that either sum of money is the proceeds of drug trafficking.[34]

#### 1.   The $22,173 in United States Currency

There is little doubt that the Government has alleged sufficient facts with respect to the $22,173 in currency.  The NYPD officers had a warrant to

---

[32]     *See United States v. $557,933.89, More or Less, In U.S. Funds*, 287 F.3d 66, 77 (2d Cir. 2002) (citing 19 U.S.C. § 1615 (superseded with respect to civil forfeitures by 18 U.S.C. § 983(c))) (citation omitted).

[33]     *United States v. United States Currency in the Sum of One Hundred Eighty-Five Thousand Dollars*, 455 F. Supp. 2d 145, 153 (E.D.N.Y. 2006). *Accord United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.2d 448, 454 n.4 (7th Cir. 2005).

[34]     Memorandum of Law of Claimants Estate of Henry Dunn and Erica Simpson-Dunn in Support of Claimants' Motion to Dismiss the Forfeiture Complaint for Failure to State a Claim Upon Which Relief Can be Granted ("Claimants' Mem.") at 6 (quoting Fed. R. Civ. P. Supp. AMC R. G(2)(f)).

search for drugs in the Target Premises.[35]  When they arrived to execute that warrant, they observed a package containing a half ounce of cocaine being thrown out of the Target Premises's window.[36]  Upon entering the premises, they found Dunn by the window, "numerous clear plastic baggies of the type used to package narcotics," and the $22,173 "packaged in small denominations consistent with drug packaging" in a bedroom closet.[37]  The combination of these allegations – a search warrant for the Target Premises, the recovery of a large amount of cash found at the premises and in close proximity to the drugs and drug paraphernalia, and the packaging of the cash in small denominations consistent with drug trafficking – are sufficient to support a reasonable belief that the Government will be able to meet its burden of proof at trial (*i.e.*, that the proceeds have a substantial connection to drug trafficking).[38]

---

[35]    *See* Compl. ¶ 4.

[36]    *See id.* ¶ 5.

[37]    *See id.* ¶ 6.

[38]    *See United States v. Mondragon*, 313 F.3d 862, 866 (4th Gr. 2002) (finding that the following allegations were sufficient to support a reasonable belief that the property is subject to forfeiture: "(1) the large sum of currency in unusual packaging, (2) the hidden compartment where it was stored, and (3) the drug dog alert in the area of the car near the hidden compartment"); *United States v. $70,000 U.S. Currency*, 840 F. Supp. 33, 34-35 (S.D.N.Y. 1994) ("[T]he bundling of the currency in small denominations[,] . . . its proximity to 10 pounds of marijuana found in the Chevy Blazer[,] . . . and the information gleaned from the

## 2.   The $52,800 in United States Currency

The Government's allegations relating to the recovered $52,800 are
more troubling.  Unlike the $22,173, the currency was not recovered in proximity
to drugs or drug paraphernalia and the Government has not alleged that it was in
packaging consistent with drug trafficking.  However, while the Government will
have to show a great deal more than it has alleged to survive a summary judgment
motion, its factual allegations are sufficient to survive this motion to dismiss.
Keeping a large amount of cash in a safe-deposit box, rather than in an interest-
bearing account, is unusual behavior and may give rise to the inference that Dunn
was attempting to conceal that currency.[39]  In tandem with the factual allegations
suggesting a pattern of drug trafficking – *e.g.*, the allegations indicating Dunn was

---

investigation leading up to the search and seizure . . . establish reasonable grounds
to believe that the currency may be forfeitable."); *United States v. South Side
Finance, Inc.*, 755 F. Supp. 791, 798 (N.D. Ill. 1991) ("Claimants contend that it is
not unusual for a used car dealer to have large amounts of cash on hand.  However,
the currency uncovered here was not merely found in a cashier's drawer, safe, or
cash pouch. Rather, the three packages of currency were sewn in envelope-sized
cloth bags, wrapped in plastic, placed in shopping bags and secreted in three
different heating vents in the condominium. These circumstances certainly give
rise to a reasonable belief that the secreted currency was associated with a violation
of federal narcotics statutes.").

[39]   *See United States v. Eighty-Seven Thousand Sixty Dollars*, 23 F.3d
1352, 1354 (8th Cir. 1994) (stating that claimant's "placement of money in a safe
deposit box when she knew about interest-bearing accounts is questionable").  This
suspicious activity alone, of course, would be insufficient to survive a motion to
dismiss.

Case 1:09-cv-07386-SAS-JCF   Document 19   Filed 04/05/10   Page 12 of 16

in possession of a half ounce of cocaine on the night the NYPD executed the first search warrant[40] and the multiple prior arrests for possession with intent to sell[41] – the Government has pled enough to create a reasonable belief that it will be able to demonstrate at trial, by a preponderance of the evidence, that the money is the proceeds of drug trafficking.[42]

## B.   Claimants' Additional Arguments

The Claimants make two additional arguments in support of their motion to dismiss – both of which are legally incorrect and unpersuasive. *First*, they argue that the Complaint should be dismissed because its factual allegations are the same as those "that resulted in the dismissal of the state proceeding against

---

[40]   *See* Compl. ¶¶ 4-6.

[41]   *See id.* ¶ 10 (two arrests for possession with intent to sell and one for simple possession).

[42]   *See United States v. $65,930.00 in U.S. Currency*, No. 03 Civ. 1625, 2006 WL 923704, at \*3 (D. Conn. Mar. 28, 2006) ("To prevail in this action, the government must establish by a preponderance of the evidence a substantial connection between the money and the criminal offense. The government is not required to link the funds to a particular drug transaction and *may rely on circumstantial evidence to establish the requisite connection to illegal conduct*." (emphasis added) (citation omitted)); *United States v. U.S. Currency in Amount of Two Hundred Forty Thirty Dollars*, No. 01 Civ. 5036, 2004 WL 958010, at \*4 (E.D.N.Y Apr. 14, 2004) ("The government is not required to link the funds to particular drug transaction, but instead may *rely on circumstantial evidence to establish a substantial connection between the funds and the illegal conduct*." (emphasis added)).

-12-

Mr. Dunn."[43]  However, because civil forfeiture actions require proof by

preponderance of the evidence,[44] while criminal prosecutions require proof beyond

a reasonable doubt, acquittal of criminal charges does not preclude success in a

related civil forfeiture proceeding.[45]

Second, under CAFRA, "[n]o complaint may be dismissed on the

ground that the Government did not have adequate evidence at the time the

complaint was filed to establish the forfeitability of the property."[46]  According to

Claimants, because one of the rationales for this rule "is to permit the government

---

[43]    Claimants' Mem. at 9.  See also Reply Memorandum of Law of
Claimants Estate of Henry Dunn and Erica Simpson- Dunn in Support of Motion to
Dismiss Complaint ("Claimants' Reply") at 5.

[44]    See 18 U.S.C. § 983(c)(1).

[45]    See United States v. One Assortment of 89 Firearms, 465 U.S. 354,
361-62 (1984).  Claimants spend several pages of their Reply brief arguing that the
state trial transcript shows that the Complaint is insufficient.  Regardless of
whether I could consider these transcripts on a motion to dismiss, see Brass v.
American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (describing the
materials, including documents of which a court may take judicial notice, that a
district court can consider in deciding a motion to dismiss), the evidentiary items
highlighted by Claimants, see Claimants' Reply at 7 (arguing that the officer's
testimony regarding the items that were allegedly thrown out of Target Premises
window was not credible), raise questions of fact that I could not resolve on
summary judgment, let alone in deciding a motion to dismiss.  See Twombly, 550
U.S. at 572 (stating that in reviewing a motion to dismiss, courts must "accept as
true all of the factual allegations contained in the complaint").

[46]    18 U.S.C. § 983(a)(3)(D).

-13-

time to continue its investigation" and "there is no ongoing investigation" in this case, the rule is inapplicable.[47] While Claimants do not explain the conclusion to be drawn from this argument, the suggestion seems to be that the Government should have alleged sufficient facts to establish the forfeitability of the property rather than alleging sufficient facts to create a reasonable belief that the Government would be able to demonstrate the forfeitability of the property at trial.

This argument fails for several reasons. As an initial matter, I cannot assume that the Government does not intend to engage in further investigation. More importantly, the text of the statute does not permit selective application. The statute states that "*[n]o* complaint will be dismissed" on the ground that the government does not have adequate evidence at the time the complaint is filed.[48] This provision is not an "exception" applicable only to some cases.[49] The clear import of the statute is that the Government is entitled to rely on information obtained after the complaint is filed.

---

[47]   Claimants' Reply at 3-4.

[48]   18 U.S.C. § 983(a)(3)(D) (emphasis added).

[49]   Claimants' Reply at 4.

-14-

## V.    CONCLUSION

For the reasons discussed above, the Claimants' motion to dismiss is

denied. The Clerk of Court is directed to close this motion (Docket No. 10).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            March 31, 2010

## - Appearances -

**For the Government**:

Michael Dennis Lockard
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2193

**For the Claimants:**

Steven Leigh Kessler, Esq.
Law Offices of Steven L. Kessler
122 East 42nd Street, Suite 606
New York, NY 10168
(212) 661-1500